## JACOB M. HAUBRICK *vs.* JOHN JOHNSTON.

### December 14, 1876.

**Verdict Sustained on the Evidence.**—The sufficiency of evidence to sustain a verdict considered.

**Good Faith of Transfer, when Immaterial.**—One having no title to property cannot raise the question of the good faith of an assignment of it by the owner.

Appeal by defendant from an order of the district court for Nicollet county, *Hanscome*, J., presiding, granting a new trial.

*Chas. R. Davis* and *E. St. Julien Cox*, for appellant.

*Ladd & Stone*, for respondent.

GILFILLAN, C. J. This was an action to recover the possession of various articles of personal property in the possession of defendant, at a tannery in St. Peter. A verdict was rendered for defendant, and a new trial granted on the ground that the verdict was not justified by the evidence, and from the order granting it the defendant appeals to this court.

The property, or the greater part of it, originally belonged to one Paul, who assigned it, by an instrument in writing, to plaintiff. Defendant claimed to own the property, or an interest in it, and claimed to have acquired such ownership under an agreement between him and Paul, by which he was to work for Paul, in the tannery, for a fixed salary and one-half the profits of the business, and by which, as he claimed, he was to own an interest in the property when his half of the profits should equal half the cost of the property; and he claims that his half of the profits amounted to enough to entitle him, under the agreement, to be an owner of the property. It appears, however, beyond question, that he and Paul had submitted the matters growing out of this agreement to arbitrators, who made an award—afterwards confirmed by the court—in which they found that there had been no profits in the business of the

tannery. This disposed of defendant's claim to the property which he set up under the agreement.

He also contended that the assignment of the property by Paul to plaintiff was not a *bona fide* assignment. So far as any part of the property did not belong to Paul, of course the assignment, whether made in good faith or bad faith, could not affect such property, and, as the assignment appears to have been good between the parties to it, defendant cannot object to the property of Paul, to which he had no title, passing by it. The good or bad faith of the assignment as to such property is a matter in which he has no interest, and he, therefore, cannot raise the question.

Order affirmed.